9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerelene S. SHIPLEY, Plaintiff-Appellee,
v.
J.C. PENNEY LIFE INSURANCE COMPANY, Defendant-Appellant.
 No. 92-5886.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1993.
 
 Before RYAN and BOGGS, Circuit Judges, and ECHOLS, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 J.C. Penney Life Insurance Company appeals from a judgment for Gerelene Shipley, after a bench trial, in this diversity action brought by Shipley for payment of a life insurance death benefit. The policy contained an intoxication exclusion. J.C. Penney charges that the district court erred in determining the insured, Shipley's husband, was not intoxicated under Tennessee law at the time of his death.
 
 
 2
 Finding no error in the district court's disposition of this matter, we shall affirm.
 
 I.
 
 3
 Paul Shipley, Gerelene Shipley's husband, died on September 29, 1990 at Freda's Bar and Grill in Chattanooga, Tennessee. Shipley was seated at the bar drinking a beer, when Kenneth Lewis entered the bar and asked him to step outside. Once outside, Lewis shot Shipley in the head five times. There was no evidence of any argument or resistance by Shipley. At the time of his death, as an autopsy later revealed, Shipley's blood alcohol level was .15 percent, with a margin of error of .01 percent. Lewis was subsequently convicted for Shipley's murder.
 
 
 4
 Shipley's life was insured under a policy issued by J.C. Penney, with a death benefit of $40,000. Gerelene Shipley was the beneficiary. The policy contained the following provisions:
 
 
 5
 No benefits shall be paid for loss caused by or resulting from ... [a]n injury occurring while the Covered Person is ... intoxicated.
 
 
 6
 Intoxication means that which is determined and defined by the laws and jurisdiction of that geographical area where the Loss or cause of Loss was incurred.
 
 
 7
 Subsequent to her husband's death, Gerelene Shipley was informed by J.C. Penney that the company would not pay her the policy's death benefit, citing the intoxication exclusionary clause. J.C. Penney contended that under the law of Tennessee, Paul Shipley was legally intoxicated at the time of his death. Mrs. Shipley brought suit on the policy in Tennessee state court, and J.C. Penney removed the action to federal district court.
 
 
 8
 At trial, J.C. Penney offered the testimony of the Hamilton County medical examiner who stated that his autopsy revealed that Shipley's blood alcohol level rendered him legally intoxicated at the time of his death. Mrs. Shipley contended that the term "intoxication" in the policy was ambiguous, and that Shipley was not, in any event, intoxicated either under the terms of the policy or by the proof offered by J.C. Penney. She presented two witnesses who were at the bar at the time of the shooting. They testified that Paul Shipley showed no signs of intoxication before he was murdered.
 
 
 9
 Applying the Tennessee public drunkenness statute, the court determined that J.C. Penney had failed to carry its burden of proving that Shipley was intoxicated within the meaning of the policy. J.C. Penney perfected a timely appeal.
 
 II.
 
 10
 J.C. Penney contends that the district court erred in applying the Tennessee public drunkenness law as opposed to the Tennessee drunk driving statute to the issue of whether Shipley was intoxicated at the time of his death. J.C. Penney urges us to reverse the district court's judgment.
 
 
 11
 Mrs. Shipley, in contrast, contends that the district court was correct in employing the public drunkenness statute to the question of whether her husband was intoxicated at the time of his death. According to Shipley, the public drunkenness statute, not the drunk driving statute, represents the more appropriate statutory rubric for determining intoxication under the facts of this case.
 
 III.
 
 12
 We review a district court's application of state law de novo. Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991). We apply the clearly erroneous standard of review to the district court's factual findings. Fed.R.Civ.P. 52(a).
 
 
 13
 The only genuine issue presented by this appeal is whether, under the terms of the insurance contract and Tennessee law, Paul Shipley was "intoxicated" at the time of his death. Two seemingly contradictory Tennessee statutory provisions speak to alcohol impairment, though neither specifically defines "intoxication."
 
 
 14
 The first, Tenn.Code Ann. Sec. 55-10-408(b) (1992), defines being "under the influence" as follows:
 
 
 15
 Evidence that there was, at the time alleged, ten-hundredths of one percent (.10%), or more, by weight of alcohol in the defendant's blood, shall create a presumption that the defendant was under the influence of such intoxicant, and that his or her ability to drive was impaired thereby, sufficiently to constitute a violation ...
 
 
 16
 The second Tennessee statute, Tenn. Code Ann. 39-17-310 (1992), defines public intoxication:
 
 
 17
 A person commits the offense of public intoxication who appears in a public place under the influence of a controlled substance or any other intoxicating substance to the degree that:
 
 
 18
 (1) The offender may be endangered;
 
 
 19
 (2) There is endangerment to other persons or property; or
 
 
 20
 (3) The offender unreasonable annoys people in the vicinity.
 
 
 21
 The district court concluded that the public drunkenness statute was a better measure of intoxication, under the facts of this case, than the drunk driving provision. We agree. We also note that an unpublished Tennessee appellate court decision relied on by J.C. Penney, Brown v. J.C. Penney Life Ins. Co., No. 02A01-9108-CV-00161, slip op. (Tenn.App. June 3, 1992), is inapposite. While it is true that Brown involved the same life insurance policy exclusion as is at issue in this appeal, the Brown insured was killed while operating a motor vehicle. Thus, under the facts of Brown, the definition of intoxication provided by Tenn.Code Ann. Sec. 55-10-408 (1992) was appropriate. It is not appropriate under the facts of this case.
 
 IV.
 
 22
 For the reasons stated in the district court's well-reasonsed and thoughtful opinion, we AFFIRM.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation